FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 29 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HASSAN SWANN and <br> DAVID A. HARTFIELD, <br><br> Plaintiffs, <br><br> vs. <br><br> KAREN HANDEL, in her official capacity as Secretary of State for the State of Georgia; The DEKALB COUNTY BOARD OF REGISTRATIONS AND ELECTIONS; MICHAEL P. COVENY, CATHERINE GILLIARD, LEONA PERRY, SAMUEL E. TILLMAN, and BAOKY N. VU, in their official capacities as members of the DEKALB COUNTY BOARD OF REGISTRATIONS AND ELECTIONS; LINDA LATIMORE, in her official capacity as Director of Voter Registration and Elections for DeKalb County; MAXINE W. DANIELS, in her individual and official capacity as Assistant Director of Registrations and Elections for DeKalb County; and JEFFREY L. MANN, in his individual and official capacity as Chief Deputy Sheriff for DeKalb County, <br><br> Defendants. | Civil Action No. <br> **1 09-CV-2674** <br><br> **Jury Trial Demanded** <br><br> TWT |

**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE
RELIEF, AND NOMINAL MONETARY DAMAGES**

## INTRODUCTION

1.  This lawsuit challenges the constitutionality of O.C.G.A. § 21-2-381(a)(1)(D) which prevents people who are incarcerated in county jails, but who retain the right to vote, from voting by absentee ballot if they are incarcerated in the county of their residence. Plaintiffs Hassan Swann and David A. Hartfield, both DeKalb County residents and registered eligible voters, were incarcerated in the DeKalb County Jail when county officials denied their requests to receive absentee ballots at the jail. Defendants Mann and Daniels also failed to inform Plaintiffs that their requests to receive the absentee ballots at the county jail were denied. As a result, Plaintiffs unlawfully were denied the right to vote in the November 4, 2008 national, state, and local elections in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. Plaintiffs seek declaratory relief, injunctive relief, and nominal monetary damages for the deprivation of their constitutional right to vote.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4). This suit is authorized

by 42 U.S.C. § 1983, and this Court has jurisdiction to grant both declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### THE PARTIES

4. Plaintiff HASSAN SWANN is a citizen of Georgia and a resident of DeKalb County. At all times relevant to this suit, he was and remains a registered voter in DeKalb County.

5. Plaintiff DAVID A. HARTFIELD is a citizen of Georgia and a resident of DeKalb County. At all times relevant to this suit, he was and remains a registered voter in DeKalb County.

6. Defendant KAREN HANDEL is the Secretary of State for the State of Georgia. She is the state's chief elections official and is responsible for the administration of state laws affecting voting, and for assuring that elections in the State of Georgia are conducted in accordance with the law. O.C.G.A. § 21-2-50.2. She is sued in her official capacity for actions she took under color of state law.

7. Defendant DEKALB COUNTY BOARD OF REGISTRATIONS AND ELECTIONS is a County agency created by local legislation adopted by the Georgia General Assembly and is charged with the responsibility to act as a board of registrars. See Appendix B of the

DeKalb County Code, Local Constitutional Amendments, Local Acts and General Laws of Local Application, Div. 4, Board and Commissions, Part D, Sections 170, et seq. The Board is vested with the power to determine the qualifications of electors, to administer election laws and regulations, and to exercise all powers, functions, and duties with respect to absentee voting. O.C.G.A. § 21-2-40. Specifically, the Board is charged with the responsibility to promptly notify an applicant for an absentee ballot if their application has been denied. O.C.G.A. § 21-2-381(b)(3).

8. Defendants MICHAEL P. COVENY, CATHERINE GILLIARD, LEONA PERRY, SAMUEL E. TILLMAN, and BAOKY N. VU, are members of the DeKalb County Board of Registrations and Elections. They are responsible for mailing or issuing absentee ballots to eligible applicants, and for promulgating rules concerning absentee voting. O.C.G.A. §§ 21-2-40 and 21-2-384. As members of the Board, they also share the responsibility for issuing notices to any person whose application for an absentee ballot has been rejected. O.C.G.A. § 21-2-381(b)(3). They are sued in their official capacities for actions they took under color of state law.

9. Defendant LINDA LATIMORE is the Director of Voter Registration and Elections for DeKalb County. She is responsible for

implementing voting rules and regulations as necessary to carry out the provisions of the election code, and assists the DeKalb County Board of Registrations and Elections in carrying out its responsibilities with respect to absentee voting. O.C.G.A. § 21-2-384. She is sued in her official capacity for actions she took under color of state law.

10. Defendant MAXINE W. DANIELS is the Assistant Director for Registration and Elections for DeKalb County. She is sued in her individual capacity, and in her official capacity for actions she took under color of state law.

11. Defendant JEFFREY L. MANN is the chief deputy sheriff for the DeKalb County Sheriff's Office. He is sued in his individual capacity, and in his official capacity for actions he took under color of state law.

## FACTUAL ALLEGATIONS

12. In 2008, Defendant Mann, along with several other DeKalb County jail officials, organized voter registration drives in the county jail, and encouraged inmates to register to vote and apply for absentee ballots for the November 4, 2008, general elections.

13. Defendant Mann, along with other DeKalb County jail officials, collected the absentee ballot applications from the inmates and submitted the

5

applications to Defendant Daniels at the DeKalb County Board of Registrations and Elections on behalf of the inmates.

14. Upon information and belief, at all times pertinent hereto, Defendant Daniel served in the capacity of absentee ballot clerk.

15. Defendant Mann and other DeKalb County jail officials informed those inmates who submitted absentee ballot applications that their ballots would be mailed to the county jail in sufficient time for them to vote in the November 4, 2008, general elections.

16. From September 28, 2008 until December 17, 2008, Plaintiff Swann was incarcerated at the DeKalb County Jail for a misdemeanor conviction. He is still serving a sentence of probation for that misdemeanor conviction.

17. Plaintiff Swann was one of several inmates who submitted an absentee ballot application to DeKalb County Jail officials for the November 4, 2008, general elections.

18. Plaintiff Swann was a resident of DeKalb County and registered eligible voter when he submitted his absentee ballot application to jail officials.

19. Defendant Mann and other DeKalb County jail officials informed Plaintiff Swann that his absentee ballot would be delivered to the

county jail in sufficient time for him to cast his ballot in the November 4, 2008, general elections.

20. At no time did Defendant Mann, Defendant Daniels, or any other jail or county election official inform Plaintiff Swann that his absentee ballot would not be delivered to the county jail.

21. Upon information and belief, no absentee ballot was ever delivered to, or received at, Plaintiff Swann's permanent home address in DeKalb County.

22. On November 24, 2008, Plaintiff Swann submitted an administrative grievance form to DeKalb County jail officials in which he complained about the denial of his right to vote. He has not received any response to the grievance.

23. From September 17, 2008 until November 16, 2008, Plaintiff Hartfield was incarcerated at the DeKalb County Jail for a misdemeanor conviction.

24. Plaintiff Hartfield was one of several inmates who submitted an absentee ballot application to DeKalb County Jail officials for the November 4, 2008, general elections.

25.     Plaintiff Hartfield was a resident of DeKalb County and registered eligible voter when he submitted his absentee ballot application to jail officials.

26.     Defendant Mann and other DeKalb County jail officials informed Plaintiff Hartfield that his absentee ballot would be delivered to the county jail in sufficient time for him to cast his ballot in the November 4, 2008, general elections.

27.     At no time did Defendant Mann, Defendant Daniels, or any other jail or county election official inform Plaintiff Hartfield that his absentee ballot would not be delivered to the county jail.

28.     Upon information and belief, no absentee ballot was ever delivered to, or received at, Plaintiff Hartfield's permanent home address in DeKalb County.

29.     The Supreme Court has held that denying people who are incarcerated but who remain eligible to vote a means by which to exercise that right violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. O'Brien v. Skinner, 414 U.S. 524, 530-31 (1974).

30.     Section 21-2-381(a)(1)(D) of the Georgia Code provides that "[e]xcept in the case of physically disabled electors residing in the county or municipality, no absentee ballot shall be mailed to an address other than the

permanent mailing address of the elector as recorded on the elector's voter registration record or a temporary out-of-county or out-of-municipality address."

32. Defendants have interpreted O.C.G.A. § 21-2-381(a)(1)(D) as prohibiting election officials from sending absentee ballots to people who are incarcerated as pre-trial detainees or misdemeanants in a county jail if the person is incarcerated in the same county in which he or she resides.

32. Defendant Handel, in the performance of her duties as the Secretary of State, issues official publications describing the permissible methods of applying for and casting absentee ballots. Such publications include provisions which require county boards of registration and elections to comply with O.C.G.A. § 21-2-381(a)(1)(D). No provision is made for the delivery of absentee ballots to qualified registered voters who are incarcerated in their county of residence.

33. As a direct result of Defendants' adherence to O.C.G.A. § 21-2-381(a)(1)(D) and the Secretary of State's mandates regarding the process and procedures for the handling of absentee ballot applications, qualified Georgia voters who are eligible to cast absentee ballots but who are incarcerated within their county of residence are prohibited from receiving absentee ballots at the county jail.

9

34. If Plaintiffs, as DeKalb County residents, had been incarcerated in a county other than DeKalb, they would have been allowed to receive absentee ballots in that other county jail.

35. Although Defendants' actions and/or inactions prevented Plaintiffs from receiving their absentee ballots where Plaintiffs were incarcerated, Defendants took no actions to enable Plaintiffs to cast a ballot by alternative methods.

36. Because Plaintiffs Swann and Hartfield did not receive their absentee ballots at the DeKalb County jail, there was no other means available to them to vote in the November 4, 2008, general elections.

37. Plaintiffs have suffered humiliation, embarrassment, mental anguish, and irreparable harm as a result of Defendants' denial of their right to vote, and that harm will continue to affect similarly situated individuals unless declared unlawful and enjoined.

38. Plaintiffs have no adequate remedy at law other than this action for declaratory relief, injunctive relief, and nominal monetary damages.

## COUNT ONE

### VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

39. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

40. Section 1 of the Fourteenth Amendment of the United States Constitution provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

41. Section 21-2-381(a)(1)(D) of the Georgia Code, as construed and applied by all Defendants, discriminates between categories of qualified voters on a basis which is completely arbitrary in violation of Plaintiffs' right to equal protection of the laws under the Fourteenth Amendment and 42 U.S.C. § 1983.

42. Because Plaintiffs were eligible to vote in the November 4, 2008, general elections, Defendants' unlawful denial of Plaintiffs' right to vote violated their right to equal protection of the laws under the Fourteenth Amendment and 42 U.S.C. § 1983.

## COUNT TWO

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

43. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

44. Section 1 of the Fourteenth Amendment of the United States Constitution provides: "No State shall . . . deprive any person of life, liberty, or property without due process of law."

11

45. Plaintiffs have a liberty interest in voting which the Fourteenth Amendment's due process clause protects.

46. Because Defendants Mann and Daniels failed to inform Plaintiffs that they would not be receiving absentee ballots at the DeKalb County jail, Plaintiffs were completely deprived of the right to vote in the November 4, 2008, general elections in violation of the Fourteenth Amendment's due process clause and 42 U.S.C. § 1983.

47. The actions of Defendants Mann and Daniels also deprived Plaintiffs of any meaningful opportunity to contest the denial of their request to receive the absentee ballots at the county jail, or to secure other means by which to exercise their right to vote in violation of the Fourteenth Amendment's due process clause and 42 U.S.C. § 1983.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court to:

(a) Declare that O.C.G.A. § 21-2-381(a)(1)(D), as interpreted and applied by Defendants, violated Plaintiffs' right to equal protection under Section 1 of the Fourteenth Amendment of the United States Constitution, and their right to due process under Section 1 of the Fourteenth Amendment of the United States Constitution, as well as the constitutional rights of those similarly situated;

(b) Enjoin Defendants and their officers, agents, employees, attorneys, and successors in office, and all other persons in concert or participation with Defendants, from further implementing or enforcing O.C.G.A. § 21-2-381(a)(1)(D) in violation of the equal protection and due process clauses of the Fourteenth Amendment;

(c) Award Plaintiffs nominal monetary damages for the violation of their constitutional right to vote;

(d) Award Plaintiffs the expenses, costs, fees, and other disbursements associated with the filing and maintenance of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973*l*(e);

(e) Exercise continuing jurisdiction over this action during the enforcement of its judgment; and

(f) Award any other and further relief this Court deems proper and just.

DATED this 29th day of September, 2009.

Respectfully submitted,

Laughlin McDonald
Ga. Bar No. 489550
Nancy G. Abudu
Ga. Bar No. 001471
American Civil Liberties Union

Voting Rights Project
230 Peachtree Street, N.W., Suite 1440
Atlanta, Georgia 30303
Tel:   (404) 523-2721
Fax:   (404) 653-0331
lmcdonald@aclu.org
nabudu@aclu.org

Chara Fisher Jackson
Ga. Bar No. 386101
American Civil Liberties Union
 of Georgia
1900 The Exchange, SE
Building 400, Suite 425
Atlanta, Georgia 30339
Tel:   (404) 523-6201
Fax:   (404) 577-0181
cfjackson@acluga.org

Neil Bradley
Ga. Bar No. 075125
3276 Wynn Drive
Avondale Estates, Georgia 30002
Tel:   (404) 298-5052
Neil.Bradley.GA@gmail.com

Brian Spears
Ga. Bar No. 670112
1126 Ponce de Leon Ave NE
Atlanta, Georgia 30306
Tel:   (404) 872-7086
Fax:   (404) 892-1128
bspears@mindspring.com

ATTORNEYS FOR PLAINTIFFS