**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**HASSAN SWANN and
DAVID A. HARTFIELD,**

> Plaintiffs,

v.

**KAREN HANDEL, in her official capacity
as Secretary of State for the State of
Georgia; THE DEKALB COUNTY
BOARD OF REGISTRATIONS AND
ELECTIONS; et al.,**

> Defendants.

_____

**CIVIL ACTION FILE NO.
1:09-CV-2674-TWT**

### DEFENDANTS DEKALB COUNTY BOARD OF REGISTRATION AND ELECTIONS, MICHAEL P. COVENY, CATHERINE GILLIARD, LEONA PERRY, SAMUEL E. TILLMAN, BAOKY N. VU, LINDA LATIMORE, MAXINE W. DANIELS AND JEFFREY L. MANN'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### Introduction

Plaintiffs Hassan Swann and David Hartfield have filed this present action

against Defendants DeKalb County Board of Registration and Elections; Michael

P. Coveny, Catherine Gilliard, Leona Perry, Samuel E. Tillman & Baoky N. Vu

(Board members); Linda Latimore (official capacity only); Maxine Daniels

(official and individual capacities) and Chief Deputy Jeffrey L. Mann (official and

individual capacities) alleging violation of their equal protection rights and due process rights under the Fourteenth Amendment to the United States Constitution. In determining whether Plaintiffs are entitled to relief, the Court is faced with the following:

- **Dismissal of duplicate claims.** Case law holds that suits against public official in their official capacities are considered suits against the local government entity they represent. Plaintiff has clearly sued Defendants in their official capacities. This Court should not permit Plaintiffs' numerous duplicative claims.

- **No equal protection violation.** To demonstrate an equal protection violation in the context of voting rights, a plaintiff must show that he was prevented from exercising the fundamental right to vote. Neither Plaintiff Swann nor Plaintiff Hartfield can meet that burden. Thus, Plaintiffs' 14th Amendment Equal Protection claim should be dismissed.

- **No due process violation.** To establish a due process claim, a plaintiff must show he has a protected property right and must also show deprivation of a liberty interest. Plaintiffs have no property right to vote by absentee ballot. Further, Plaintiffs can not show that the DeKalb County Defendants deprived them of a liberty interest. Thus, Plaintiffs' due process claims should be dismissed.

- **Qualified Immunity.** Qualified immunity provides protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants Maxine

Daniels and Jeffrey Mann, in their individual capacities, are entitled to immunity against Plaintiffs' claims.

Plaintiffs can not recover for their claims under the equal protection clause of the 14th Amendment because Plaintiffs can not demonstrate that Defendants discriminated against Plaintiffs in handling their applications for absentee ballots. Plaintiffs cannot recover for their due process claims because they cannot show that they have a property right to vote by absentee ballot at the DeKalb County jail, and they can not show that they had a liberty interest in voting by absentee ballot at the jail. Defendants Maxine Daniels and Jeffrey L. Mann, in their individual capacities, are entitled to qualified immunity. Given that Plaintiffs cannot recover against the Defendants on any of their claims, Defendants are entitled to summary judgment as a matter of law.

## I.    FACTUAL BACKGROUND

Defendant Jeffrey L. Mann was the Chief Deputy under DeKalb County's Sheriff at all times relevant to this action. [Jeffrey L. Mann Deposition, p. 9]. In or around early October of 2008, Chief Mann instructed Wanda Collins, the jail commander, to have her staff to inform the jail inmates about the opportunity to vote by absentee ballot during the November 2008 general election. [Id. p. 24, 27 and 31]. Thereafter, DeKalb jail staff distributed absentee ballot applications and

voter registration applications to jail inmates who expressed an interest in absentee voting.  [Id. p. 25].  Then, jail staff collected the completed absentee and voter registration applications from the jail inmates, and forwarded them to Chief Mann. [Id. p. 25].  Then, Chief Mann's jail staff either hand-delivered the completed applications to the DeKalb County Voter Registration and Elections office ("DeKalb Elections Office") or sent them by inter-office mail to the Elections Office.  [Id. pp. 27, 57 and 59-60].

Chief Mann was informed by Defendant Maxine Daniels with the DeKalb Elections Office that, if an inmate resided in DeKalb County, his absentee ballot could not be delivered to the jail but must be sent to his home address.  [Id. pp. 34, 36-37].  Chief Mann instructed Major Collins to inform the jail inmates, who were DeKalb County residents, that they should put their home address on the absentee application and not the DeKalb County jail's address because their absentee ballot could not be delivered to the jail.  [Id. p. 34].  Thereafter, Chief Mann directed Major Collins to place a box in the jail lobby so that jail inmates' family member could drop off absentee ballots that would later be taken to inmates, who could then vote by absentee ballot.  [Id. pp. 53-54].

Plaintiff Hassan Swann admitted, during his deposition, that he received an Application for Official Absentee Ballot–2008 General Election from a staff

person at the DeKalb County jail.  [Hassan Swann Deposition, pp. 37 and 59-60].
Swann admitted that he filled out the absentee application himself, dated it
9/30/08, and signed it.  [Id., p. 64].  Swann admitted that he wrote his registered
address to be "7811 White Oak Loop, Lithonia, GA 30038" on his absentee
application.   [Id., pp. 65-66].   Swann testified that he returned his completed
absentee application back to a jail staff person. [Id. p. 36].  Swann admitted that he
did not put the DeKalb County jail's address anywhere on his absentee application.
[Id. p. 70].

The DeKalb Elections Office's records indicate that Swann's absentee
ballot application was received on or about October 2, 2008.  [Helen Maxine
Daniels Deposition p. 44].   The DeKalb Elections Office sent, by mail on October
20, 2008, an absentee ballot to Swann's registered address, 7811 White Oak Loop,
Lithonia, GA 30038, which was **prior to** the November 2008 General Election.
[Daniels Depo., pp. 58-60 and 89-90].  The Elections Office staff did not know that
Swann was a DeKalb County jail inmate when his absentee application was
processed.  [Id.].

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Standard of Consideration

The Federal Rules of Civil Procedure mandate the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to the party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett[1]  The movant is not required to negate the opponent's claim, but may discharge his burden by merely "showing --that is -- pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case."[2]

The party moving for summary judgment bears the initial burden of showing there are no genuine issues of material fact that should be decided at trial and that he is entitled to judgment as a matter of law.  The Court must construe the **evidence**, i.e., pleadings, depositions, affidavits and answers to interrogatories and admissions on file, not just "facts," in the light most favorable to the nonmoving party.  Cuestra v. Sch. Bd. of Miami-Dade County, Fla.[3]  When that has been done, the burden shifts to the non-moving party to demonstrate that there is indeed a

---

[1] 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

[2] Id. at 325.  See also United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991).

[3] 285 F.3d 962, 966 (11th Cir. 2002).

material issue of fact or law precluding summary judgment.  Clark v. Coats &
Clark, Inc. [4]  The non-moving party is required "to go beyond the pleadings" and
present competent evidence designating "specific facts showing that there is a
genuine issue for trial." Celotex, supra. [5]

The existence of "some alleged factual dispute between the parties will not
defeat an otherwise properly supported motion for summary judgment; the
requirement is that there be no *genuine* issue of *material* fact." Anderson v.
Liberty Lobby, Inc.[6]  An issue is only genuine if it is supported by the evidence or
is created by evidence that is more than "merely colorable" or "not significantly
probative."[7]

In the case at bar, there is no dispute as to any material fact, and even
viewing the evidence in the light most favorable to Plaintiffs, they cannot succeed
on their claims as a matter of law.  Therefore, the DeKalb County Defendants are
entitled to summary judgment.

---

[4] 929 F.2d 604, 608 (11th Cir. 1991).
[5] 477 U.S. at 324-325.
[6] 477 U.S. 242, 248, 106 S.Ct. 2505 (1986) (emphasis in the original); Brown v.
City of Clewiston, 848 F.2d 1534, 1537 (11th Cir. 1988).
[7] Anderson, 477 U.S. at 249-250.

**B.** **Plaintiff's official capacity claims against Defendants Michael P. Coveny, Catherine Gilliard, Leona Perry, Samuel E. Tillman, Baoky N. Vu, Linda Latimore and Maxine Daniels should be dismissed as duplicative of the claims against the DeKalb County Board of Registration and Elections**

In the case at bar, Plaintiffs have filed suit against the DeKalb County Board of Registration and Elections as well as Michael Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, all members of the Board, in their official capacities. [Doc. 1, pp. 3 and 4]. Further, Plaintiffs have sued Linda Latimore and Maxine Daniels, in their official capacities. [Doc. 1, pp. 4 and 5]. Latimore and Daniels were performing their duties as officials of the DeKalb County Board of Registration and Elections, at all times relevant to this action. [Id.].

When a public official is sued under Section 1983 in his official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent. Busby v. City of Orlando.[8] It is well settled that a suit against a public official in his official capacity is considered a suit against the entity he represents. Kentucky v. Graham.[9] When a suit is filed against a governmental

_____

[8] 931 F.2d 764, 776 (11th Cir.1991).
[9] 473 U.S. 159, 166 (1985); see also Free v. Granger, 887 F.2d 1552, 1557 (11th Cir.1989); Gosner v. Twiggs County, et al., 182 F.Supp.2d 1253, 1256 (M.D. Ga., 2002) citing Owens v. Fulton County, 877 F.2d 947, 951 n. 5 (11th Cir. 1989); Brown v. Neumann, 188 F.3d 1289, 1290 n. 1 (11th Cir. 1999).

entity, it is appropriate for the Court to dismiss any defendants that have been sued in their official capacities as 'redundant and possibly confusing to that jury'. <u>Gosner v. Twiggs County, et al.</u>[10]  Therefore, in light of controlling case law, this Court should dismiss Plaintiffs' duplicative official capacity claims filed against Defendants Coveny, Gilliard, Perry, Tillman, Vu, Latimore and Daniels because the DeKalb County Board of Registration and Elections is a named defendant in this action.

C. **Plaintiffs' Equal Protection claim fails because the evidence shows the DeKalb County Defendants enabled the Plaintiffs to vote by absentee ballot in the 2008 General Election**

Plaintiffs complaint alleges that "Section 21-2-381 (a)(1)(D) of the Georgia Code, as construed and applied by all Defendants, discriminates between categories of qualified voters on a basis which is completely arbitrary in violation of Plaintiffs' right to equal protection of the laws under the Fourteenth Amendment and 42 U.S.C. § 1983."  [Doc. 1, p. 11].  Plaintiffs allege that "[a]s a direct result of Defendants' adherence to O.C.G.A. § 21-2-381 (a)(1)(D) . . . qualified Georgia voters who are eligible to cast absentee ballots but who are incarcerated within their county of residence are prohibited from receiving absentee ballots at the county jail."  [Doc. 1, p. 9].  Plaintiffs further allege Defendants Daniels and Mann

_____

[10] <u>Gosner v. Twiggs County, et al</u>., 182 F. Supp.2d 1253, 1256 (M.D.Ga., 2002).

violated the 14th Amendment's because they "failed to inform Plaintiffs that their requests to receive the absentee ballots at the county jail were denied."  [Doc. 1, p. 1].

In the case at bar, the Plaintiffs' real complaint is really not against the DeKalb County Defendants but instead Plaintiffs are complaining about the absentee voting provisions in Georgia's Election Code.  The DeKalb County Defendants had no authority to simply ignore the Election Code, instead they have a specific duty to enforce it.  As will be demonstrated below, the evidence of record demonstrates that Plaintiffs can not meet the burden to establish an equal protection violation against the DeKalb County Defendants.  As a result, this Court should grant Defendants' motion for summary judgment in its entirety.

**1.  DeKalb Board of Registration and Elections, Michael P. Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, Baoky Vu, Linda Latimore and Maxine Daniels.**

Plaintiff Hassan Swann can not meet the burden to establish a 14th Amendment equal protection claim against Defendants DeKalb County Board of Registration and Elections, Michael Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, Baoky Vu, Linda Latimore and Maxine Daniels (hereafter

"DeKalb County Defendants").[11]   There is no evidence in the record supporting Plaintiffs' allegation that the DeKalb County Defendants' compliance with O.C.G.A. § 21-2-381(a)(1) (D) constitutes a 14th Amendment equal protection violation.  The record shows the DeKalb County Defendants simply complied with the Georgia Election Code.  As a result, the DeKalb County Defendants are all entitled to summary judgment in this action.

As an initial matter, the DeKalb Board of Voter Registration and Elections (hereafter "the Board") has been, through an act of Georgia's General Assembly, empowered with duties relating to the registration of voters and absentee-balloting procedures, among other things, as set out in the Georgia Election Code.  O.C.G.A. § 21-2-40, et seq.  [Doc. 1, pp. 3-4, ¶ 7].  Defendants Coveny, Gilliard, Perry, Tillman and Vu are duly appointed members of the DeKalb County Board of Registration and Elections.  [Doc. 1, p. 4, ¶ 7; Plaintiffs' Complaint].  Thus, per Georgia law, the Board must strictly comply with the Election Code's absentee voting provisions.  O.C.G.A. § 21-2-380, et seq.

---

[11] As argued previously, because Michael Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, Baoky Vu and Linda Latimore have been sued only in their official capacities, Plaintiffs' claims against them should be dismissed as duplicative of the claims brought against the DeKalb County Board of Registration and Elections.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Gosner v. Twiggs County, 182 F.Supp.2d 1253, 1256 (M.D. Ga., 2002).

At all times relevant to this action, Defendant Maxine Daniels held the position of Assistant Director for the Board.  [Daniels Depo. p. 9]. Defendant Linda Latimore held the position of Director with the Board.  [Doc. 1, pp. 4-5, ¶ 9]. Ms. Latimore was responsible for the day-to-day operations of the DeKalb Voter Registration and Elections Office (hereafter, "DeKalb Elections Office), and Ms. Daniels assisted her.  [Id.,].  Ms. Daniels supervised the staff members who were responsible for processing absentee ballot applications and sending out absentee ballots to eligible electors in DeKalb County.  [Daniels Depo. pp. 10-12].

The subject absentee voting provision in Georgia's election code, O.C.G.A. § 21-2-381(a) (1) (D), states that:

> Except in the case of physically disabled electors residing in the county or municipality, **no absentee ballot shall be mailed to an address other than the permanent mailing address of the elector** as recorded on the elector's voter registration record or a temporary out-of-county or out-of-municipality address.

The DeKalb County Defendants had the duty to comply with these statutory provisions.  The evidence of record demonstrates that their actions in handling Swann's absentee application were in line with Georgia's Election Code.

Plaintiff Hassan Swann admitted, during his deposition, that he received an Application for Official Absentee Ballot–2008 General Election from a staff person at the DeKalb County jail.  [Swann Depo. pp. 59-60].  Swann admitted that

he filled out the absentee application himself, that he dated it 9/30/08, and that he signed it.  [Id., p. 64].  Swann admitted that he wrote his registered address as "7811 White Oak Loop, Lithonia, GA 30038" on his absentee application.  [Id., pp. 65-66].

Defendant Daniels testified during her deposition that the Elections Office records show that Swann's absentee ballot application was received well in advance of the November 2008 General Election.  [Daniels Depo. p. 44].  Daniels testified the that Elections Office sent, by U.S. mail, an absentee ballot to Swann's registered address, which is what Swann requested on his absentee application. [Daniels Depo., pp. 58-60 and 89-90].

The U. S. Supreme Court has established that standard for considering a constitutional challenge to a state election code as follows:

> [A] court considering a challenge to a state election law must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate against the precise interest put forward by the state as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's right.

See Burdick v. Takushi[12].  In McDonald v. Board of Election Commissioners,[13] controlling legal precedence, the U.S. Supreme Court  determined that to establish a violation of the 14th Amendment's equal protection violation in the voting context, an un-sentenced, pretrial inmate must show that he was precluded from exercising the fundamental right to vote.  Id.

In the case at bar, Plaintiff Hassan Swann cannot establish that the DeKalb County Defendants violated his rights to equal protection.  The record clearly demonstrates that the DeKalb County Defendants did precisely what Swann requested, by sending a absentee ballot to his registered home address.  It is undisputed that the DeKalb County Defendants fulfilled their duties under the Election Code's absentee voting provisions.  There is no evidence showing the DeKalb County Defendants prevented Swann from voting by absentee ballot.  As a result, the Plaintiffs' equal protection claim against the DeKalb County Defendants should be dismissed.

Moreover, Plaintiff Hassan Swann lacks standing to represent the interests of un-sentenced, pre-trial inmates at the DeKalb County jail who are alleging that

---

[12] 504 U.S. 428, 112 S.Ct. 2059, quoting Anderson v. Celebrezze, 460 U.S. 780, 789, 103 S.Ct. 1564, 1570 (1983); see Duke v. Massey, 87 F.3d 1226 (11th Cir. 1996).
[13] 394 U.S. 802, 89 S.Ct. 1404 (1969)

they completed absentee ballot applications and requested that the DeKalb Elections Office send their absentee ballots to the DeKalb County jail.  Federal Rule of Civil Procedure 17 (a) states that "[a]n action must be prosecuted in the name of the real party in interest".  Stegman v. Horton Homes, 843 F.Supp. 707, 708 (M.D. Ga. 1994, held that the real party in interest is the person, who under the controlling substantive law, is entitled to enforce the right asserted.

As stated previously, the DeKalb Elections Office sent an absentee ballot to Swann's registered home address, as requested on his absentee application.  Swann did not request that his absentee ballot be sent to the DeKalb jail. There is no evidence that the DeKalb County Defendants knew Swann was a DeKalb jail inmate when his absentee application was processed.  Clearly, Swann does not fit into the category of DeKalb jail inmates who requested that the DeKalb Elections Office send absentee ballots to the DeKalb County jail.  Therefore, Swann can not establish that the DeKalb Defendants violated the Equal Protection Clause of the 14th Amendment.  This court should grant summary judgment to these Defendants on Swann's equal protection claim.

2.  **Defendant Chief Jeffrey L. Mann**

In the case at bar, the record clearly demonstrates Chief Jeffrey Mann pro-actively took action to enable and assist Plaintiffs Hassan Swann and David

Hartfield, as well as all the eligible jail inmates, to vote by absentee ballot during the 2008 General Election.  Chief Deputy Mann instructed jail staff to inform the jail inmates about the opportunity to vote by absentee ballot during the November 2008 general election.   DeKalb jail staff distributed absentee ballot applications and voter registration applications to jail inmates who were interested in absentee voting.   Then, DeKalb jail staff arranged to either hand deliver the absent applications to the DeKalb Elections Office or to send them by DeKalb County's inter-office mail.  Chief Mann, after finding out that jail inmates who resided in DeKalb County could not receive absentee ballots at the jail, directed his staff to place a special box in the jail's lobby so that the inmates family members could drop off absentee ballots of the inmates.  The evidence of record shows that Chief Mann proactively took steps to enable and assist the jail inmates, including Plaintiffs Swann and Hartfield, to vote by absentee ballot during the November 2008 general election.  As a result, Plaintiffs' equal protection claim must fail.

Plaintiffs' complaint states that the U.S. Supreme Court's decision in O'Brien v. Skinner, 414 U.S. 524, 94 S.Ct. 740 (1974) is controlling in this case. [Doc. 1, p. 8, ¶ 29].   In O'Brien, the U. S. Supreme Court held that New York state's absentee voting statutes, which were construed as denying persons detained in counties of their residence absentee registration or voting, while granting these

rights to persons similarly detained outside counties of their residence, were arbitrary, imposed an unconstitutionally onerous burden on the exercise of the franchise and denied equal protection. Plaintiffs' reliance on the O'Brien decision is misplaced. There is no evidence showing that any of the DeKalb County Defendants denied Plaintiffs (or any other DeKalb jail inmate) the right to vote during the November 2008 general election. In fact, the record is replete with evidence showing the DeKalb County Defendants **pro-actively** took steps to enable Plaintiffs to participate in absentee voting.

As argued previously, McDonald, supra,[14] controlling legal precedent, held that to establish a 14th Amendment equal protection violation in the voting rights context, an un-sentenced, pre-trial inmate must show that he was precluded from exercising the fundamental right to vote. Id. In the case at bar, Plaintiffs can not show that they were precluded from voting. All evidence of record shows that Chief Mann and the DeKalb County Defendants, even though they had no obligation to do so, pro-actively took steps to enable and assist Swann, Hartfield and all other DeKalb jail inmates to vote by absentee ballot in 2008 election. Because Plaintiffs clearly cannot establish that Mann violated the 14th

---

[14] 394 U.S. 802, 808, 89 S.Ct. 1404, 1408 (1969).

Amendment's Equal Protection Clause, Defendant Mann is entitled to summary judgment.

Lastly, Plaintiff David Hartfield's claims against the DeKalb County Defendants should be dismissed, in their entirety, for want of prosecution. The record shows that Hartfield unjustifiably failed to appear at his properly noticed depositions on three different occasions. [David Hartfield Deposition Transcript pp. 3-5; Doc. 46, Defendants' Motion to Compel Deposition Testimony]. There is no evidence whatsoever in the record supporting Hartfield's equal protection and due process claims against the DeKalb County Defendants. Clearly, Hartfield can not meet his burden of proof. As a result, the DeKalb County Defendants are entitled to summary judgment against all claims asserted by Hartfield in the Plaintiffs' complaint.

### D. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' DUE PROCESS CLAIMS

Plaintiffs allege that Defendants Daniels and Mann violated the due process clause of the 14th Amendment by depriving Plaintiffs of any meaningful opportunity to contest the denial of their request to receive the absentee ballots at the DeKalb County jail. [Doc. 1, p. 12]. In the Eleventh Circuit, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a

deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process". Cook v. Randolph County, Georgia.[15]   The Plaintiffs claims fail because there is no evidence of record showing that the DeKalb County Defendants denied Swann and Hartfield the right to vote by absentee ballot.

Plaintiff Swann's due process claim fails because Plaintiffs can not meet the three part test outlined in the Cook decision, supra.  The record shows that Swann completed an absentee ballot application while incarcerated at the DeKalb County jail.  Swann's absentee application requested that his ballot be sent to his registered home address.  The DeKalb Elections Office processed Swann's application and then sent Swann's absentee ballot to his registered address.  The DeKalb County Defendants fulfilled their obligations under the Georgia Election Code.   As a result, Plaintiff's due process claim should be dismissed.

**E. DEFENDANTS MAXINE DANIELS AND JEFFREY L. MANN ARE ENTITLED TO QUALIFIED IMMUNITY IN THEIR INDIVIDUAL CAPACITIES.**

Defendants are entitled to qualified immunity from Plaintiff's equal protection claim and due process claim. Qualified immunity provides "complete

---

[15] 573 F.3d 1143, 1148-49 (11th Cir. 2009), quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir.2003).

- 19 -

protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Thomas v. Roberts</u>, [16]  Because qualified immunity is a defense both from liability and from suit, it is "important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." <u>GJR Invs., Inc. v. County of Escambia</u>.[17]

The United States Supreme Court has set forth a two-step inquiry to determine the appropriateness of qualified immunity for public officials exercising discretionary functions.  First, considered in the "light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" <u>Saucier v. Katz</u>.[18]  If no constitutional right was violated, the individual defendant is entitled to qualified immunity.  If, on the other hand, the facts establish a constitutional violation, the inquiry is whether, at the time the violation occurred, an objectively reasonable public official would have realized

---

[16] 261 F.3d 1160, 1170 (11th Cir. 2001)(quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).
[17] 132 F.3d 1359, 1370 (11th Cir. 1998)(citation omitted).
[18] 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

that their actions violated clearly established federal law.  <u>Garrett v. Athens-Clarke County</u>.[19]

Whether legal norms were clearly established at the time of the challenged action is determined by reference to decisions of the Supreme Court of the United States, the Court of Appeals for the Eleventh Circuit and the Supreme Court of Georgia.  <u>D'Aguanno v. Gallagher</u>.[20]  Therefore, Plaintiffs must point to a controlling case that is fact specific, decided before the events at issue, that establishes a constitutional violation on "materially similar" facts.  <u>Rodgers v. Horsley</u>[21]  "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant."[22] The Eleventh Circuit has cautioned that the "most common error" it encounters as a reviewing court occurs when courts "permit plaintiffs to discharge their burden by referring to general rules and to the violation of abstract rights."   <u>Lassiter v. Alabama A&M</u>

---

[19] 378 F.3d 1274, 1278-79 (11th Cir. 2004), citing <u>Saucier</u>, 533 U.S. at 201-202, 121 S.Ct. at 2151).

[20] 50 F.3d 877, 881 n.6 (11th Cir. 1995).

[21] 39 F.3d 308, 311 (11th Cir. 1994); <u>Nicholson v. Georgia Dept. of Human Resources</u>, 918 F.2d 145 (11th Cir. 1990)(plaintiff must point the Court to cases that resolve the factual issues at issue in their case).

[22] <u>Rodgers</u>, 39 F.3d at 311 (quoting <u>Post v. City of Fort Lauderdale</u>, 7 F.3d 1552, 1557 (11th Cir. 1993), <u>modified</u>, 14 F.3d 583 (11th Cir. 1994)).

University[23]; See Johnson v. Randolph County, 301 Ga.App. 265, 270, 687 S.E.2d 223, 229 (2009) (election board members were entitled to qualified immunity in their individual capacities from a commissioner's claims that members had violated his civil rights by challenging his nomination petition without challenging his opponent's petition).

As argued more fully above, Plaintiff is unable to demonstrate that the DeKalb County Defendants committed a constitutional violation. And even if they did, for the sake of argument, Defendants have searched Georgia case law, cases from this circuit and the United States Supreme Court and have found no cases with facts similar to those in the case at bar that would put them on notice that their actions violated clearly established law. As such, Plaintiffs have no evidence that the DeKalb County Defendants violated clearly established law. For all of the above reasons, the Defendants are entitled to qualified immunity against Plaintiffs' equal protection and due process claims.

## **CONCLUSION**

There is no evidence of record supporting any of Plaintiffs' claims against the DeKalb County Defendants for any reason. Procedurally, the Court should dismiss Plaintiff's duplicative official capacity claims given the DeKalb County

---

[23] 28 F.3d 1146, 1150 (11th Cir.1994).

Board of Registration and Elections' appearance as a defendant in his official capacity. Plaintiffs have presented no evidence showing that Defendants violated the 14th Amendment's equal protection clause. Additionally, Plaintiff has no evidence that Defendants violated her rights under the 14th Amendment's due process clause.

Because the evidence does not support any of Plaintiffs' claims and they cannot raise one genuine issue of material fact, Defendants are entitled to summary judgment as a matter of law on all of Plaintiffs' claims in this action.

Respectfully submitted this 2nd day of July 2010.

DUANE D. PRITCHETT
CHIEF ASST. COUNTY ATTORNEY
Georgia Bar No. 12203

*/s/ Brenda A. Raspberry*
BRENDA A. RASPBERRY
SENIOR ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 595130

Attorneys for Defendants

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Brenda A. Raspberry
Sr. Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011 (phone)
(404) 371-3024 (facsimile)
baraspberry@dekalbcountyga.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**HASSAN SWANN and**
**DAVID A. HARTFIELD,**

Plaintiffs,

v.

**KAREN HANDEL, in her official capacity**
**as Secretary of State for the State of**
**Georgia; THE DEKALB COUNTY**
**BOARD OF REGISTRATION AND**
**ELECTIONS; et al.,**

Defendants,

**CIVIL ACTION FILE NO.**
1:09-CV-2674-TWT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 2, 2010 I electronically filed **Defendants'**

**DeKalb County Board of Registration and Elections, Michael P. Coveny,**

**Catherine Gilliard, Leona Perry, Samuel E. Tillman, Baoky N. Vu, Linda**

**Latimore, Maxine Daniels and Jeffrey L. Mann's Brief In Support of Motion**

**for Summary Judgment** with the Clerk of Court using the CM/ECF system,

which will automatically send e-mail notification of such filing to the following

attorney of record:

- 25 -

Nancy G. Abudu, Esq,
Laughlin McDonald, Esq.
American Civil Liberties Union
Voting Rights Project
230 Peachtree Street, NW, Suite 1440
Atlanta, GA 30303

Chara Fisher Jackson, Esq.
American Civil Liberties Union of Georgia
1900 The Exchange, S.E.
Bldg. 400, Suite 425
Atlanta, GA 30339

Neil Bradley, Esq.
3276 Wynn Drive
Avondale Estates, GA 30002

Brian Spears, Esq.
1126 Ponce de Leon Avenue, NE
Atlanta, GA 30306

Stefan Ritter, Esq.
Sr. Assistant Attorney General
State Law Department
40 Capitol Square, SW
Atlanta, GA 30334

This is to further certify that the foregoing document was prepared using 14

pt Times New Roman font.

*s/ Brenda A. Raspberry*
BRENDA A. RASPBERRY
SR. ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 595130

- 26 -