IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HASSAN SWANN, et al.,

   Plaintiffs,

    v.

KAREN HANDEL
in her official capacity as Secretary of
State for the State of Georgia, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-2674-TWT

ORDER

This is a civil rights action. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 56], Defendant DeKalb County Board of Registration and Elections, Michael Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, Baoky Vu, Linda Latimore, Maxine Daniels, and Jeffrey Mann's Motion for Summary Judgment [Doc. 57], and Defendant Brian Kemp's Motion for Summary Judgment [Doc. 60]. For the reasons set forth below, the Court DENIES the Plaintiff's Motion for Summary Judgment [Doc. 56] and GRANTS the Defendants' Motions for Summary Judgment [Doc. 57 & 60].

I. Background

The Plaintiff, Hassan Swann, is a resident of DeKalb County. From September through December 2008, the Plaintiff was incarcerated in DeKalb County jail for a misdemeanor conviction. During that time, the Plaintiff was qualified to vote. Before the November 2008 election, Defendant Jeffrey Mann, the Chief Deputy Sheriff for DeKalb County, distributed absentee ballot applications to jail inmates who were eligible to vote. The applications included a field for both the applicant's registered address and an optional alternate mailing address. The Plaintiff provided his registered address but did not list any alternate mailing address on his application. Swann claims that he would have listed the DeKalb County jail as his alternate mailing address had he known the address at that time. Some inmates provided the jail's mailing address on their absentee ballot applications.

On September 29, Defendant Maxine Daniels, the Director of Elections for DeKalb County, notified Mann that "[Georgia] law requires that we can only send ballots to a non-disabled voter to the home address or and [sic] out of county address." (Pl.'s Mot. for Summ. J., Ex. J.)  O.C.G.A. § 21-2-381(a)(1)(D) provides that "[e]xcept in the case of physically disabled electors residing in the county or municipality, no absentee ballot shall be mailed to an address other than the permanent mailing address of the elector as recorded on the elector's voter registration

record or a temporary out-of-county or out-of-municipality address." O.C.G.A. § 21-2-381(a)(1)(D).

After exchanging emails, Daniels and Mann agreed that the county election office would mail all absentee ballots to inmates' registered addresses–even where inmates specified the DeKalb County jail as their alternate mailing address. The jail would then set up a box in the front lobby where inmates' family members could drop off absentee ballots. Mann never told Swann about the box in the lobby or that there was a problem with the Plaintiff's ballot application. The Defendants claim that the DeKalb County Election Office mailed Swann's absentee ballot to his registered address–the only address indicated on Swann's ballot application. Swann claims that his wife, who checked the mail at his registered address, never received the ballot. The Plaintiff expected his absentee ballot to be delivered to him at the DeKalb County jail. Swann did not receive an absentee ballot at the jail and did not vote in the November 2008 election.

The Plaintiff filed this action against the Secretary of State for the State of Georgia, the DeKalb County Board of Registration and Elections (the "Board"), Michael Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, and Baoky Vu, in their official capacities as members of the Board, Linda Latimore, in her official capacity as Director of Voter Registration and Elections, Maxine Daniels, in her

individual and official capacity as Assistant Director of Registration and Elections for DeKalb County, and Jeffrey Mann, in his individual and official capacity as Deputy Sheriff for DeKalb County. Swann claims that the Defendants violated his Fourteenth Amendment equal protection rights by applying O.C.G.A. § 21-2-381(a)(1)(D) in a manner that prevented him from voting in the November 2008 election. Further, the Plaintiff claims that Daniels and Mann violated his Fourteenth Amendment due process rights by failing to notify him that his absentee ballot would not be delivered to the jail. The Plaintiff seeks injunctive and monetary relief under 42 U.S.C. § 1983.

The Plaintiff has moved for summary judgment. In response, the Secretary of State for Georgia filed a Motion for Summary Judgment [Doc. 60]. The DeKalb County Board of Registration and Elections, the five members of the Board, Linda Latimore, Maxine Daniels, and Jeffrey Mann have also filed a separate Motion for Summary Judgment [Doc. 57].

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59

(1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

A.  The Plaintiff's Official Capacity Claims Against Defendants Michael Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, Baoky Vu, Linda Latimore, and Maxine Daniels

The Defendants argue that the Plaintiff's official capacity claims against employees and members of the Board should be dismissed as duplicative. Claims against public officers in their official capacities are claims against the entity for which the official works. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Here, the Plaintiff concedes that the claims against the employees and members of the Board should be dismissed. (Pl.'s Opp'n to Def.'s DeKalb County's Mot. for Summ. J., at 6.) For this reason, the Plaintiff's official capacity claims against Defendants Michael Coveny, Catherine Gilliard, Leona Perry, Samuel Tillman, Baoky Vu, Linda Latimore, and Maxine Daniels are dismissed.

B.  Equal Protection

The Plaintiff argues that O.C.G.A. § 21-2-381(a)(1)(D), as applied to him, violates the Equal Protection Clause of the Fourteenth Amendment. Under Georgia law, inmates jailed in a county other than their county of residence may receive absentee ballots at the jail where they are confined. Inmates, like Swann, however, jailed in the county where they reside cannot receive absentee ballots at the jail. The Plaintiff contends that this disparate treatment is an equal protection violation.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). Where a state election law infringes the right to vote, the court engages in a two-step inquiry. First, the court must "consider the character and magnitude of the asserted injury to the rights protected by the . . . Fourteenth Amendment[] that the plaintiff seeks to vindicate. It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." Anderson v. Celebrezze, 460 U.S. 780, 789 (1983); see also Burdick v. Takushi, 504 U.S. 428, 434 (1992).

In O'Brien v. Skinner, 414 U.S. 524 (1974), a New York state law prohibited election officials from mailing absentee ballots to inmates confined in their county of

residence. The statute, however, permitted officials to mail ballots to inmates jailed outside their county of residence. Id. at 530. The plaintiffs, inmates jailed in the county where they resided, applied for and were denied absentee ballots. Id. at 527-28. The Court held that the New York law was unconstitutional. Id. at 531. In doing so, the Court distinguished McDonald v. Board of Election Commissioners, 394 U.S. 802 (1969), where the plaintiff challenged a similar election law under the Equal Protection Clause. The Court noted that in McDonald, there was no evidence that the state law "absolutely prohibited" the plaintiff from voting. O'Brien, 414 U.S. at 529 (quoting McDonald, 394 U.S. at 808 n.7). By contrast, in O'Brien, the plaintiffs were "simply not allowed to use the absentee ballot and [were] denied any alternative means of casting their vote although they [were] legally qualified to vote." O'Brien, 414 U.S. at 530.

Here, the Plaintiff's equal protection claim fails because he was not treated differently than similarly situated inmates. Unlike the inmates in O'Brien, Swann *did not* request that an absentee ballot be sent to him at the DeKalb County jail. Indeed, Swann did not list the jail's address anywhere on his application.[1] Instead, he listed only his registered address. Further, unlike O'Brien, the Board did not deny Swann's

---

[1] Although some inmates may have listed the jail as an alternate mailing address on their applications, those inmates are not party to this action.

request for an absentee ballot. Although Swann claims that his wife never received the ballot, Maxine Daniels testified that the Board mailed an absentee ballot to the address indicated on Swann's application. (Daniels Dep. at 58-60.) Thus, even if Georgia law permitted the Board to mail absentee ballots to inmates confined in their county of residence, Swann's ballot would still have been mailed to his registered address, not the DeKalb County jail. Although Swann did not vote in the November 2008 election, O.C.G.A. § 21-2-381(a)(1)(D), as applied by the Defendants, did not prevent him from doing so. For this reason, there is no question of material fact as to the Plaintiff's equal protection claim.

    C.    <u>Procedural Due Process</u>

The Plaintiff also claims that Jeffrey Mann and Maxine Daniels violated his due process rights by failing to inform him that his absentee ballot would not be delivered to the jail. To establish a due process violation, the Plaintiff must prove "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." <u>Cook v. Randolph County</u>, 573 F.3d 1143, 1149 (11th Cir. 2009). "The right of suffrage is 'a fundamental political right . . .'" <u>Roe v. Alabama</u>, 43 F.3d 574, 580 (11th Cir. 1995) (<u>quoting</u> <u>Yick Wo v. Hopkins</u>, 118 U.S. 356, 370 (1886)). Further, if "the election process itself reaches the point of patent and fundamental unfairness, a violation of the due process clause

may be indicated and relief under § 1983 therefore in order." Id. (quoting Duncan v. Poythress, 657 F.2d 691, 703 (5th Cir. 1981)).

Here, neither Mann nor Daniels deprived Swann of the right to vote. The Plaintiff urges that where the Board denies an applicant's request for an absentee ballot, the Board "shall promptly notify the applicant in writing of the ground for ineligibility." O.C.G.A. § 21-2-381(b)(3). Here, however, the Board did *not* deny Swann's application. Indeed, Daniels testified that the Board approved the Plaintiff's request and mailed an absentee ballot to the address listed on Swann's application (Daniels Dep. at 58-60.) Despite the Plaintiff's insistence, the Defendants did not violate his due process rights by failing to notify him that his ballot would not be delivered to a location he never requested.[2]

The Plaintiff stresses the fact that Mann set up a drop box in the lobby of the jail to allow relatives to deliver absentee applications sent to inmates' registered addresses. The drop box was an accommodation for inmates who requested that their ballots be delivered to the jail. The Plaintiff did not request that his ballot be delivered to the jail. Thus, the Court need not address the constitutional sufficiency of this procedure. Although the Plaintiff claims he did not know about the drop box,

---

[2]The Plaintiff claims that despite the address listed on his application, he "thought" his absentee ballot would be delivered to the jail. There is no evidence, however, that any of the Defendants were aware of the Plaintiff's belief.

Mann's effort to accommodate inmates who, unlike Swann, requested that their ballots be delivered to the jail is not a violation of *Swann's* due process rights. Further, it is not "fundamentally unfair" that after directing the Board to send a ballot to his registered address, Swann's ballot did not arrive at the DeKalb County jail. Although the case might be different had Swann listed the jail's address on his application, the Defendants did nothing to deny Swann an opportunity to vote. For this reason, there is no issue of material fact as to the Plaintiff's due process claim.

Even if Swann could establish a due process violation, Defendants Mann and Daniels are entitled to qualified immunity. "Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To establish qualified immunity, the defendant must show that he was acting within the scope of his discretionary authority. Crenshaw v. Lister, 556 F.3d 1283, 1289 (11th Cir. 2009). The burden then shifts to the plaintiff to show (1) that the conduct violated a constitutional right, and (2) that the right was clearly established at the time of the defendant's alleged misconduct. Humphrey v. Mabry, 482 F.3d 840, 846 (11th Cir.

2007) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).[3]  A right is clearly established if "*no* reasonably competent officer would have taken the same action." Id. at 847 (emphasis in original).

As discussed above, the Defendants conduct did not violate Swann's due process rights.  Further, even if there had been a constitutional violation, the Court cannot say that no reasonable officer would have taken the same action. See id.  Here, Mann and Daniels made arrangements to mail absentee ballots to inmates' registered addresses and then set up a drop-box for the inmates' family to deliver the ballots to the jail.  Even if this conduct had violated Swann's due process rights, the violation was not clearly established.  In O'Brien, the court reasoned that the inmates were denied absentee ballots and "absolutely prohibited" from voting. O'Brien, 414 U.S. at 529 (quoting McDonald, 394 U.S. at 808 n.7).

Here, by contrast, the Defendants did not "absolutely deny" Swann the right to vote.  The Board approved Swann's request for an absentee ballot.  Further, Mann and Daniels devised a plan that allowed inmates to vote in the November 2008 election. Even if these measures were not constitutionally sufficient, a "reasonably competent

---

[3]In Pearson v. Callahan, 129 S. Ct. 808, 818 (2009), the Supreme Court held that courts may use their discretion in deciding which of these two questions to answer first.

officer" could have believed that they were. For these reasons, Defendants Mann and Daniels are entitled to qualified immunity.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the Plaintiff's Motion for Summary Judgment [Doc. 56] and GRANTS the Defendants' Motions for Summary Judgment [Doc. 57 & 60].

SO ORDERED, this 18 day of October, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge