## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit

No. 10-14901

District Court Docket No.
1:09-cv-02674-TWT

> FILED
> U.S. COURT OF APPEALS
> ELEVENTH CIRCUIT
> FEB 2, 2012
> JOHN LEY
> CLERK

HASSAN SWANN,

    Plaintiff - Appellant,

DAVID A. HARTFIELD,

    Plaintiff,

versus

SECRETARY, STATE OF GEORGIA,
in his official capacity as Secretary of State for the State of Georgia,
THE DEKALB COUNTY BOARD OF REGISTRATIONS AND ELECTIONS,
MICHAEL P. COVENY,
CATHERINE GILLIARD,
LEONA PERRY, et al.,

    Defendants - Appellees.

Appeal from the United States District Court for the
Northern District of Georgia

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: February 02, 2012
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

> Issued as Mandate
> March 5, 2012

[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2012
JOHN LEY
CLERK

No. 10-14901

D.C. Docket No. 1:09-cv-02674-TWT

HASSAN SWANN,

Plaintiff - Appellant,

DAVID A. HARTFIELD,

Plaintiff,

versus

SECRETARY, STATE OF GEORGIA,
in his official capacity as Secretary of State for the State of Georgia,
THE DEKALB COUNTY BOARD OF REGISTRATIONS AND ELECTIONS,
MICHAEL P. COVENY,
CATHERINE GILLIARD,
LEONA PERRY, et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(February 2, 2012)

Before EDMONDSON and PRYOR, Circuit Judges, and HOPKINS,[*] District Judge.

PRYOR, Circuit Judge:

This appeal addresses whether a former inmate of a county jail has standing to complain that state and local officials failed to mail him a ballot at the jail even though he never asked them to mail him a ballot there. Hassan Swann appeals the summary judgment in favor of the Secretary of State of Georgia and several elections officials for DeKalb County, Georgia. Swann's complaint alleges that the officials' application of a Georgia statute that governs absentee voting, Ga. Code Ann. § 21-2-381(a)(1)(D), denied him the right to have a ballot mailed to him at the jail and prevented him from voting while he was incarcerated in the fall of 2008. But Swann would not have received a ballot at the jail regardless of the officials' application of the statute because he provided only his home address on his application for an absentee ballot. Swann's alleged injury was not fairly traceable to any actions of the officials. We vacate the summary judgment entered by the district court and remand with instructions to dismiss for lack of subject matter jurisdiction.

---

[*]Honorable Virginia Emerson Hopkins, United States District Judge for the Northern District of Alabama, sitting by designation.

2

## I. BACKGROUND

In anticipation of the presidential election held on November 4, 2008, the staff of the DeKalb County Jail held voter registration drives at the jail and encouraged inmates to register to vote and to apply for absentee ballots. Hassan Swann was among the inmates who completed an application for an absentee ballot. Swann was a resident of DeKalb County and was incarcerated in the jail from September to December 2008 based on a misdemeanor conviction. The application requested on separate lines Swann's "Address as Registered" and "Address (Ballot to be mailed)." Swann wrote the address of his home in DeKalb County on the line labeled "Address as Registered." He left blank the space for his "Address (Ballot to be mailed)," because, as he later testified at his deposition, he "didn't know DeKalb County[] [Jail's] address." He makes no allegation that any of the officials refused to tell him the address of the jail or instructed him to leave blank the space for the mailing address.

Other inmates requested on their applications that their absentee ballots be mailed to the jail, and on September 29, 2008, Maxine Daniels, the assistant director of registrations and elections for DeKalb County, informed an employee of the jail that the absentee ballot clerk would not mail absentee ballots to the jail. Daniels explained that, under Georgia law, the clerk "could not mail an absentee

3

ballot for a non-disabled voter to another address in DeKalb County other than their registered address." She based this explanation on a Georgia statute that provides that, "[e]xcept in the case of physically disabled electors residing in the county or municipality, no absentee ballot shall be mailed to an address other than the permanent mailing address of the elector as recorded on the elector's voter registration record or a temporary out-of-county or out-of-municipality address," Ga. Code Ann. § 21-2-381(a)(1)(D).

Daniels and Jeffrey Mann, the chief deputy sheriff of DeKalb County, later developed a solution to allow inmates to receive their ballots at the jail. They agreed that the absentee ballot clerk would mail ballots to the home addresses of inmates, and relatives of inmates would be permitted to leave the ballots in a drop box at the jail for distribution to the inmates. Swann contends that he "was unaware of the drop box and expected the election office to mail his absentee ballot to the jail given that he would still be confined on election day," even though he had listed only his home address on his application for an absentee ballot.

The absentee ballot clerk did not mail Swann's ballot to the jail. Daniels testified that, according to her records, the absentee ballot clerk mailed Swann a ballot to Swann's home address because that was the only address that Swann had

4

provided. Swann never received his ballot, and he was unable to vote in the election held on November 4, 2008.

Swann and another former inmate, David A. Hartfield, filed a complaint in the district court against the officials. The complaint alleged that their application of section 21-2-381(a)(1)(D) was unconstitutional because it "prevents people who are incarcerated in county jails, but who retain the right to vote, from voting by absentee ballot if they are incarcerated in the county of their residence." The complaint alleged that application of the statute by the officials violated the Equal Protection Clause of the Fourteenth Amendment because it deprived an inmate incarcerated in his county of residence the right to have a ballot mailed to him at the jail. The complaint also alleged a violation of the Due Process Clause of the Fourteenth Amendment. The complaint requested declaratory and injunctive relief, nominal damages, and attorney's fees. Before it ruled on the claims alleged in the complaint, the district court dismissed Hartfield as a plaintiff because of his failure to comply with an order of the court.

Swann and the officials filed motions for summary judgment, and the district court granted a summary judgment in favor of the officials. The district court reasoned that, because Swann did not request that his ballot be mailed to the jail, his "equal protection claim fails because he was not treated differently than

5

similarly situated inmates." The district court also reasoned that the statute "did not prevent [Swann] from [voting]" because "even if Georgia law permitted the Board to mail absentee ballots to inmates confined in their county of residence, Swann's ballot would still have been mailed to his registered address, not the DeKalb County jail." The district court did not address whether Swann had standing.

## II. STANDARD OF REVIEW

"We review issues of standing de novo." Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla., 641 F.3d 1259, 1264 (11th Cir. 2011) (quoting Common Cause/Ga. v. Billups, 554 F.3d 1340, 1349 (11th Cir. 2009)) (internal quotation marks omitted).

## III. DISCUSSION

We cannot reach the merits of this appeal because Swann lacks standing. "Article III of the United States Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Hollywood Mobile Estates, 641 F.3d at 1264 (quoting U.S. Const. Art. III, § 2). "Standing is an irreducible minimum necessary under Article III's case-or-controversy requirement." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). We have held that "'[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the

6

merits of a party's claims.'" Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quoting Dillard v. Baldwin Cnty. Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000)). "The Supreme Court has explained that the 'irreducible constitutional minimum' of standing under Article III consists of three elements: an actual or imminent injury, causation, and redressability." Hollywood Mobile Estates, 641 F.3d at 1265 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992)).

We need not determine whether Swann suffered an injury when he did not receive a ballot or whether a favorable decision would redress this alleged injury because Swann's non-receipt of a ballot was not "'fairly . . . trace[able] to the challenged action of the defendant[s].'" Lujan, 504 U.S. at 560, 112 S. Ct. at 2136 (first and second alterations in original) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41–42, 96 S. Ct. 1917, 1926 (1976)). Lujan explained that an injury is not fairly traceable to the actions of a defendant if caused by the "'independent action of some third party not before the court,'" Lujan, 504 U.S. at 560, 112 S. Ct. at 2136 (quoting Simon, 426 U.S. at 42, 96 S. Ct. at 1926), and likewise a controversy is not justiciable when a plaintiff independently caused its own injury. Cf. Pennsylvania v. New Jersey, 426 U.S. 660, 664, 96 S. Ct. 2333, 2335 (1976); see also Ass'n of Cmty. Orgs. for Reform Now v. Fowler, 178 F.3d

7

350, 358 (5th Cir. 1999).  Several of our sister circuits similarly have held that a plaintiff lacks standing to challenge a rule if an independent source would have caused him to suffer the same injury.  See, e.g., Donahue v. City of Boston, 371 F.3d 7, 14 (1st Cir. 2004); Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997); Howard v. N.J. Dep't of Civil Serv., 667 F.2d 1099, 1101–03 (3d Cir. 1981).  See also 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3531.5 (3d ed. 2008) ("Rather than a break in one causal chain, standing may be defeated by finding a different cause.").  Swann's failure to provide the address of the jail on his application independently caused his alleged injury.  Swann would not have received a ballot at the jail regardless of the application of the statute by the officials.

Swann's lawsuit is based on an imaginary set of facts: an imaginary request to send his ballot to the jail and an imaginary refusal on the ballot clerk's part to send a ballot to him.  Swann asked the ballot clerk to mail Swann's absentee ballot to Swann's home – no other address was given in the application for the ballot – and the clerk says a ballot was sent to Swann's home.  Nothing wrongful can arise from those facts.

Swann erroneously argues that we should apply a futility exception to the standing requirement and excuse his failure to request that his ballot be mailed to

8

the jail. He contends that "it is unequivocally clear that if [he] had indeed requested on his absentee ballot application that his ballot be mailed to him at the DeKalb County jail, nothing different would have happened," but Swann can only speculate that the absentee ballot clerk would have dishonored a request to mail his ballot to the jail. The authorities that Swann cites are inapposite. These decisions either address pre-enforcement challenges to statutes, see, e.g., Fla. State Conf. of NAACP v. Browning, 522 F.3d 1153, 1164 (11th Cir. 2008), or involve the submission of successive applications to an administrative board after the plaintiff has already made at least one submission, see, e.g., Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1575–76 (11th Cir. 1989).

Swann did not have standing to sue the officials, and the district court erred when it granted a summary judgment. "'[A] grant of summary judgment is a decision on the merits[,] . . . [but] a court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.'" Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (third and fourth alterations in original) (quoting Capitol Leasing Co. v. Fed. Deposit Ins. Corp., 999 F.2d 188, 191 (7th Cir. 1993)).

## IV. CONCLUSION

We **VACATE** the judgment of the district court and **REMAND** with

9

instructions to **DISMISS** for lack of subject matter jurisdiction.